**#15189/SAW/TPK**        Attorney ID #6271068
**6-16-10**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| SAMPSON PEGEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| GUNITE CORP., a corporation, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, SAMPSON PEGEE, by and through his attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendant, GUNITE CORP., (hereinafter "GUNITE"), alleges as follows:

### JURISDICTION

1. This suit is brought and jurisdiction lies pursuant to the Americans with Disabilities Act of 1990, ("ADA") 42 U.S.C. Section 12201 et seq.

2. Plaintiff brings this action pursuant to ADA § 107(a), 42 U.S.C. § 12117(a). ADA § 107(a), 42 U.S.C. § 12117(a), incorporates by reference Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-5, which grants jurisdiction to this Court.

3. This Court has original jurisdiction over Plaintiff's ADA claim pursuant to 28 U.S.C. § 1331.

1

4. All preconditions to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have been satisfied.

5. Plaintiff filed a charge of employment discrimination on the basis of disability with the Equal Employment Opportunity Commission (EEOC) within 180 days of Gunite's alleged employment discrimination.

6. The EEOC issued Plaintiff a "right to sue" letter on March 22, 2010.

7. Plaintiff filed this Complaint within 90 days from receiving his right to sue letter.

8. Venue lies properly within the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) because the Defendant does business in this district and all of the events giving rise to Plaintiff's claim took place in this district.

## PARTIES

9. Plaintiff is a citizen of the United States and a resident of Freeport, Illinois.

10. Plaintiff suffers from a clinically diagnosed disability.

11. Plaintiff is an individual with a "disability" within the meaning of ADA § 3(2), 42 U.S.C. 12102(2).

12. Plaintiff can perform the essential functions of his job at Gunite with reasonable accommodations.

13. Plaintiff is a "qualified individual with a disability" within the meaning of ADA § 101(8), 42 U.S.C. § 12111(8). Further, Plaintiff was a "qualified individual with a disability" during his employment with Gunite and at the time of his termination.

14. Defendant Gunite, upon information and belief, is a foreign corporation and is operating by virtue of laws of the State of Illinois, and at all times herein operated as a manufacturing business in the City of Rockford, Illinois and is headquartered in Delaware.

15. Defendant is a "person" within the meaning of ADA § 101(7), 42 U.S.C. 12111(7), and Title VII § 701(a), 42 U.S.C. § 2000e(a).

16. Defendant is an industry that affects commerce within the meaning of the ADA § 101(7), 42 U.S.C. 12111(7), and Title VII §§ 701(g)-(h), 42 U.S.C. § 2000e(g)-(h).

17. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the ADA § 101(5)(A), 42 U.S.C. 12111(5)(A),

## FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANT GUNITE
## AMERICANS WITH DISABILITIES ACT

18. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein paragraphs one through seventeen.

19. Gunite hired Plaintiff on or around June 28, 1994.

20. On February 28, 2005, Plaintiff was diagnosed with a medical disability.

21. On or about April 3, 2007, Plaintiff informed agents of Gunite of his disability and requested a reasonable accommodation.

22. As of August 14, 2008, Gunite was aware that Plaintiff was disabled.

23. Defendant agreed to make a reasonable accommodation, which was accepted by Plaintiff.

24. Within a few weeks of the meeting on August 14, 2008, Gunite put Plaintiff on jobs in breach of the agreed-upon reasonable accommodations.

25. On or about October 23, 2008, Plaintiff's employment with Gunite was terminated.

26. As of October 23, 2008, Plaintiff was able to perform the essential functions of his job with reasonable accommodations.

27. Gunite failed to comply with the reasonable accommodations for Plaintiff's disability before his termination on or about October 23, 2008.

28. Gunite's refusal to make reasonable accommodations for Plaintiff's known disability constitutes discrimination against Plaintiff due to his disability is in violation of ADA § 102(b)(5)(A), 42 U.S.C. § 12112(b)(5)(A).

29. Gunite acted with malice or reckless indifference toward Plaintiff's federally protected rights as a qualified individual with a disability when it terminated Plaintiff's employment and failed to reasonably accommodate Plaintiff's known disability.

30. As a result of Gunite's discrimination on the basis of disability, Plaintiff suffered and continues to suffer economic losses, mental anguish, pain and suffering and other non-pecuniary losses.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, SAMPSON PEGEE, prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount that is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendant for embarrassment, humiliation, loss of enjoyment of life and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

    Respectfully Submitted,

    ___/s/Steven A. Wade_____
    Attorney for Plaintiff

Steven A. Wade
Todd P. Klein
**Anesi, Ozmon, Rodin, Novak, & Kohen, LTD.**
161 North Clark Street – 21st Floor
Chicago, IL 60601
312.372.3822

5